UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

FKAT PROPERTIES, LLC )
)
Plaintiff, )
)
vs. ) Case No: 2:26-cv-00101-PPS-JEM
)
TOWN OF WINFIELD )
)
Defendants. )

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Comes now Defendant, Town of Winfield, by Counsel, Austgen Kuiper Jasaitis P.C., by Attorneys David M. Austgen and Ryan A. Deutmeyer and for its Answer to Plaintiff's Complaint and Affirmative Defenses, states as follows:

**Parties**

1. FKAT is an Indiana limited liability company with its principal place of business in Lake County, Indiana. FKAT purchased certain sanitary sewer facilities situated in Winfield, Indiana ("Lift Station") and a *Sewer Installation Reimbursement Agreement* ("Reimbursement Agreement") from third-party, Double Tree Lake Estates, LLC ("Double Tree"). A copy of the Reimbursement Agreement is attached hereto and incorporated herein as Exhibit A.

**Answer:** That Defendant admits that Exhibit A filed herein speaks for itself and thus no response is necessary. To the extent a response is necessary, Defendant, Town of Winfield, is without sufficient information to either admit or deny the allegations contained in Rhetorical Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2. Winfield is an Indiana municipal entity with its principal place of business located in Winfield, Indiana. Winfield was at all relevant times obligated to administer access to the Lift Station, collect tap fees from businesses and residents who connected to the Lift Station, and

1

reimburse those fees to FKAT pursuant to the Reimbursement Agreement.

**Answer:** That Defendant admits that Winfield is an Indiana municipal entity with its principal place of business located in Winfield, Indiana, and denies any remaining allegations contained within Rhetorical Paragraph 2 of the Plaintiff's Complaint.

### Jurisdiction and Venue

3. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) because FKAT asserts claims against Winfield under 42 U.S.C. § 1983.

**Answer:** That Defendant, Town of Winfield admits the allegations contained in Rhetorical Paragraph 3 of the Plaintiff's Complaint.

4. All facts, events, transactions, and the subject property giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana, Hammond Division; thus, venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

**Answer:** That Defendant, Town of Cedar Lake admits the allegations contained in Rhetorical Paragraph 4 of the Plaintiff's Amended Complaint.

### Background Facts

5. On December 18, 2007 Winfield entered into the Reimbursement Agreement with Double Tree. The contractual term for the Reimbursement Agreement was fifteen years. The Reimbursement Agreement required Winfield to collect tap fees from businesses and residents given access to the Lift Station and in turn, pay those fees to the owner, Double Tree, as compensation for the construction and maintenance of the Lift Station.

**Answer:** That Defendant admits that Exhibit A filed herein speaks for itself and thus no response is necessary. To the extent a response is necessary, Defendant, Town of Winfield, is without sufficient information to either admit or deny the allegations contained in Rhetorical Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6. On November 12, 2015 Double Tree formally assigned over all right, title and interest in the Lift Station and the Reimbursement Agreement to FKAT. The assignment took place within Double Tree's bankruptcy proceeding.

**Answer:** That Defendant, Town of Winfield is without sufficient information to either admit or deny the allegations contained in Rhetorical Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7. Immediately following the assignment, controversies arose between Winfield and FKAT involving the assignment of, and monies due under, the Reimbursement Agreement.

**Answer:** That Defendant, Town of Winfield is without sufficient information to either admit or deny the allegations contained in Rhetorical Paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8. On March 28, 2018 the parties resolved their controversies, in writing. The resolution contemplated compliance with the terms of the Reimbursement Agreement by both FKAT and Winfield from the date of resolution through December 18, 2022.

**Answer:** That Defendant, Town of Winfield is without sufficient information to either admit or deny the allegations contained in Rhetorical Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9. At the conclusion of the Repurchase Agreement, FKAT made frequent requests for information to Winfield regarding compliance. The information to determine compliance is held exclusively by Winfield. Finally, On October 31, 2025, Winfield responded in writing to FKAT's *Request for Access and Disclosure of Public Records* ("Response") regarding the Reimbursement Agreement. A copy of the Response is attached hereto and incorporated herein as Exhibit B. The Response is so deficient it is impossible for FKAT to determine if, and the extent to which, the Reimbursement Agreement was violated.

**Answer:** That Defendant admits that Exhibit B filed herein speaks for itself and thus no response is necessary. To the extent a response is necessary, Defendant, Town of Winfield, is without sufficient information to either admit or deny the allegations contained in Rhetorical Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10. Upon information and belief, Winfield violated the terms of the Reimbursement Agreement by: (a) failing and refusing to account for tap fees collected pursuant to the Reimbursement Agreement; (b) failing and refusing to turn over tap fees collected from businesses and residents that accessed the Lift Station; and (c) failing and refusing to properly maintain its "downstream" waste treatment plants which in effect rendered the Lift Station inoperable.

**Answer:** That Defendant, Town of Winfield denies the allegations set forth in Rhetorical Paragraph 10 of the Plaintiff's Complaint.

### Violation of 42 U.S.C. § 1983

11. Winfield owed various duties to FKAT in relation to the Lift Station and the Reimbursement Agreement. Winfield's obligations to FKAT included but were not limited to monitoring access to the Lift Station, keeping appropriate books and records as to businesses and residents that accessed the Lift Station, charging tap fees to businesses and residents as stated in the Reimbursement Agreement, communicating with FKAT regarding sums collected as tap fees, paying sums collected as tap fees to FKAT, and maintaining "downstream" waste treatment plants such that the Lift Station remained operable.

**Answer:** That Defendant, Town of Winfield denies the allegations set forth in Rhetorical Paragraph 11 of the Plaintiff's Complaint.

12. Rather than fulfilling its contractual duties, Winfield refused to provide accurate information to FKAT, refused to turn over tap fees collected and allowed its "downstream" waste

treatment plants to be closed by IDEM, which in effect made the Lift Station worthless.

**Answer:** That Defendant, Town of Winfield denies the allegations set forth in Rhetorical Paragraph 12 of the Plaintiff's Complaint.

13. The foregoing actions and inactions by Winfield amounted to a violation of the Reimbursement Agreement, a taking of the Lift Station and conversion of tap fees, all of which unfairly deprived FKAT of its protected property rights without due process of law.

**Answer:** That Defendant, Town of Winfield denies the allegations set forth in Rhetorical Paragraph 13 of the Plaintiff's Complaint.

14. The due process violation arising from Winfield's actions and inactions occurred under color of state law and violated 42 U.S.C. Section 1983.

**Answer:** That Defendant, Town of Winfield denies the allegations set forth in Rhetorical Paragraph 14 of the Plaintiff's Complaint.

15. As a proximate cause of Winfield's actions and inactions, FKAT suffered compensatory damages, including lost profit damages.

**Answer:** That Defendant, Town of Winfield denies the allegations set forth in Rhetorical Paragraph 15 of the Plaintiff's Complaint.

**WHEREFORE,** Defendant, Town of Winfield, by Counsel, Austgen Kuiper Jasaitis PC, by attorneys David M. Austgen and Ryan A. Deutmeyer respectfully requests that Plaintiff, FKAT Properties, LLC, take nothing by way of its Complaint and, for costs of this action, reasonable attorneys fees and for all other relief deemed just and proper in the premises.

Respectfully submitted,

*/s/ Ryan A. Deutmeyer*
David M. Austgen; 3895-45
Ryan A. Deutmeyer; 31945-64
130 N. Main Street
Crown Point, Indiana 46307
(219) 663-5600

5

## DEFENDANT'S AFFIRMATIVE DEFENSES

Comes now Defendant, Town of Winfield, by Counsel, Austgen Kuiper Jasaitis P.C., by Attorneys David M. Austgen and Ryan Deutmeyer, and files its Affirmative Defenses.

1.     That the allegations in the Plaintiff's Complaint fail to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure Rule 12(b).

2.     That Plaintiff's Complaint is barred by the doctrine of Accord and Satisfaction.

3.     That Plaintiff's Complaint is barred by the doctrine of Estoppel.

4.     That Plaintiff's Complaint is barred by the doctrine of Fraud.

5.     That Plaintiff's Complaint is barred by the doctrine of Laches.

6.     That Plaintiff failed to mitigate its damages.

1.     That the Plaintiff's claims are barred by the applicable statute of limitations.

7.     That the Defendants actions were all done in conformance with applicable law and followed all statutory, regulatory or other legal frameworks.

2.     That the Plaintiff's claims are barred by the Statute of Frauds.

3.     10. That as to any rhetorical paragraph of Plaintiff's Complaint not heretofore specifically admitted, controverted or denied by a preceding paragraph of this Answer, the same is now hereby specifically denied by this legal paragraph of Answer.

4.     11. That the answering Defendant reserves the right to assert additional affirmative defenses in answer to the allegations contained in the Complaint herein, as the same become apparent and/or available during the course of discovery in this cause of action.

**WHEREFORE,** Defendant, Town of Winfield, by Counsel, Austgen Kuiper Jasaitis PC, by attorneys David M. Austgen and Ryan A. Deutmeyer respectfully requests that Plaintiff, FKAT Properties, LLC, take nothing by way of its Complaint and, for costs of this action, reasonable attorneys fees and for all other relief deemed just and proper in the premises.

6

Respectfully submitted,

*/s/ Ryan A. Deutmeyer*
David M. Austgen; 3895-45
Ryan A. Deutmeyer; 31945-64
130 N. Main Street
Crown Point, Indiana 46307
(219) 663-5600

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of April, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

David A Buls sbuls@kdlegal.com

*/s/ Ryan A. Deutmeyer*